# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * * *
MIRIANA RODRIGUEZ BURGOS, *
*
Petitioners, *
*
v. *
*
SECRETARY OF HEALTH AND HUMAN SERVICES, *
*
Respondent. *
* * * * * * * * * * * * * * * * * * * * * *

No. 16-903V
Special Master Christian J. Moran

Filed: January 12, 2021

Entitlement; dismissal.

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for petitioners;
Darryl R. Wishard, United States Dep't of Justice, Washington, D.C., for respondent.

**UNPUBLISHED DECISION DENYING COMPENSATION**[1]

Miriana Rodriguez Burgos ("Petitioner") alleged that the varicella, human papillomavirus ("HPV"), and meningococcal conjugate ("MCV") vaccinations she received on August 22, 2013, caused her to develop cerebritis. Pet., filed July 29, 2016, at Introduction. On December 8, 2020, petitioner moved for a decision dismissing her petition. This motion is granted and the petition is dismissed.

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

## I. Procedural History

The petition was filed on July 29, 2016.[2] After reviewing petitioner's initial medical records, the Secretary filed his Rule 4(c) report on August 22, 2017, contesting entitlement.

After additional records were filed, petitioner filed an expert report supporting her claim from Dr. Shafrir, a neurologist. Exhibit 40 (filed Aug. 1, 2018). At the outset of his discussion, Dr. Shafrir noted that petitioner's condition could only be partially extracted due to lack of typed records and undecipherable handwritten records from treaters. Dr. Shafrir opined that petitioner's initial rash was most likely related to the breakthrough varicella as a result of the vaccine strain. Dr. Shafrir further explained that every treater mentioned a diagnosis of varicella cerebritis, which was aggressively and effectively treated. As such, Dr. Shafrir proposed differential diagnoses, including (1) cerebritis / cerebellitis; (2) disseminated varicella vaccine-strain viral disease; and (3) acute cerebellar ataxia.

In response, the Secretary filed an expert report from Michael Sweeney, also a pediatric neurologist. Exhibit A (filed Oct. 16, 2018). Dr. Sweeney opined that petitioner's most likely diagnosis is an acute mycoplasma infection with subsequent secondary systemic post-infectious symptoms. In disputing the cerebritis / cerebellitis diagnosis, Dr. Sweeney noted the lack of MRI changes or elevated white blood cell count in the spinal fluid. Dr. Sweeney further stated that the numerous MRI scans of the brain did not demonstrate the presence of signal change suggestive of an inflammatory process. Without elevated inflammatory markers, Dr. Sweeney found petitioner's expert's diagnoses unlikely.

Because Dr. Shafrir and Dr. Sweeney drew different conclusions about Ms. Burgos's medical condition, the parties were directed to seek more information from doctors who treated her. Order, issued Oct. 30, 2018. The parties received more information from some, but not all, doctors who possessed first-hand information about Ms. Burgos's medical condition. See Pet'r's Status Rep., filed Jun 14, 2019.

At the parties' request, the undersigned assessed the evidence that the parties had submitted. Order, issued Aug. 12, 2019; see also Vaccine Rule 5 (authorizing

[2] The original petitioner was Ramonita Burgos Cancel, the mother of Miriana Rodriguez Burgos. After Ms. Burgos reached the age of majority, she became the petitioner. Order, issued Aug. 23, 2019. Whether Ms. Cancel or Ms. Burgos was the petitioner does not affect the outcome.

special masters to present tentative conclusions). Specifically, the undersigned noted: questions about the appropriate diagnosis, including a mycoplasma infection as well as the brevity of the experts' Althen analysis.

In response, the Secretary obtained a supplemental report from Dr. Sweeney. Exhibit J. Maintaining his original diagnosis, Dr. Sweeney addressed problems with petitioner's theory. Dr. Sweeney dismissed the disseminated varicella vaccine-strain viral disease diagnosis based on the lack of laboratory abnormalities supporting that conclusion. Similarly, Dr. Sweeney stated that the acute cerebellar ataxia was possible, but the lack of documentation made this diagnosis unclear.

The Secretary also filed a report from Hayley Gans, a specialist in infectious diseases. Exhibit K. Dr. Gans opined that petitioner's illness is compatible with a mycoplasma infection. This conclusion was based on physical exam findings and laboratory findings. Dr. Gans also stated that neurologic changes 43 days after vaccination cannot be attributed to the vaccine based on case reports which show onset in the first two weeks.

After a status conference to discuss these recent expert reports, Ms. Burgos was ordered to file an expert report. Order, dated Jan. 29, 2020. Ms. Burgos did not present the report from an expert to address Dr. Gans's report.

During an August 14, 2020 status conference, petitioner's counsel advised that Ms. Burgos would be seeking alternative counsel. Subsequently, petitioner indicated that new counsel would not be sought. Ultimately, on December 8, 2020, petitioner filed a motion to dismiss, stating that she was unable to secure further evidence required by to prove entitlement. The Secretary did not file a response to this motion. This matter is now ready for adjudication.

## II. Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, petitioner filed medical records and expert reports in support of her claim, but nonetheless, wishes to have her claim dismissed and judgment entered against her. Though petitioner did not cite an authority for her motion, the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa—21(b) (regarding involuntary dismissal), given petitioner's clear intent that a judgment issue in this case, protecting her right to file a civil action in the future. See Pet'rs' Mot., filed December 08, 2020, ¶ 3.

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law." Here, petitioner did not establish, by preponderant evidence, that she suffers from disseminated varicella vaccine-strain viral disease as defined in 42 C.F.R § 100(c)(11). In addition, petitioner did not effectively rebut Dr. Gans's persuasive opinion that a likely cause of any illness is an infection with *Mycoplasma pneumoniae*.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master