# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| MIRIANA RODRIGUEZ BURGOS, | * *  |
| | * No. 16-903V |
| Petitioner, | * Special Master Christian J. Moran |
| | * |
| v. | * Filed: March 15, 2022 |
| | * |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * Attorneys' Fees and Costs * * |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * * * * *

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for Petitioner;
Darryl R. Wishard, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

    Pending before the Court is petitioner Miriana Rodriguez Burgos' motion for final attorneys' fees and costs. She is awarded **$122,732.64**.

\* \* \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On July 29, 2016, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the varicella, human papillomavirus, and meningococcal conjugate vaccinations she received on August 22, 2013, caused her to suffer cerebritis. The parties filed opposing expert reports, with petitioner retaining Dr. Shafrir and respondent retaining Dr. Sweeney. Because the reports presented by the experts drew different conclusions about petitioner's medical condition, the parties were directed to obtain more information from petitioner's treating doctors. Order, issued Oct. 30, 2018. Thereafter, the undersigned issued his assessment of the evidence the parties had submitted. Order, issued Aug. 12, 2019. Respondent then filed a supplemental report from Dr. Sweeney and also retained Dr. Hayley Gans, a specialist in infectious diseases who filed a report. Petitioner was ordered to file a responsive expert report but was unable to do so and on December 8, 2020, petitioner filed a motion to dismiss her claim. On January 12, 2021, the undersigned issued his decision dismissing the petition for insufficient proof. 2021 WL 408847 (Fed. Cl. Spec. Mstr. Jan. 12, 2021).

On April 14, 2021, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests a total amount of $124,732.64 comprised as follows: $101,244.20 in attorney' fees for current counsel, $2,622.50 in attorneys' fees for petitioner's former counsel, $19,781.64 in attorneys' costs incurred by current counsel, and $1,044.30 in costs personally incurred by petitioner. Fees App. at 1-2. On April 15, 2021, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

*     *     *

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful the undersigned finds that good faith and reasonable basis existed throughout the matter.  Respondent also has not challenged the reasonable basis of the claim. A final award of reasonable attorneys' fees and costs is therefore proper in this case. See Greenlaw v. United

States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.").

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A.   Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

The undersigned has reviewed the hourly rates requested for the work of her counsel at Conway, Homer, PC (the billing records indicate that the majority of attorney work was performed by Mr. Joseph Pepper, with supporting work performed by Ms. Meredith Daniels, Ms. Christina Ciampolillo, Ms. Lauren Faga, Mr. Patrick Kelly, and Mr. Ronald Homer) and finds that the hourly rates are consistent with what these attorneys have previously been awarded for their Vaccine Program work. See, e.g., Skiles v. Sec'y of Health & Human Servs., No. 18-1597V, 2020 WL 5407823 (Fed. Cl. Spec. Mstr. Aug 14, 2020); Heddens v.

Sec'y of Health & Human Servs., No. 15-734V, 2019 WL 5791266 (Fed. Cl. Spec. Mstr. Oct. 24, 2019). Accordingly, the requested hourly rates are reasonable.

B.   Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and on the whole, the request is reasonable. However, a minor amount of time was billed for administrative tasks such as filing documents and downloading those filed documents. See Guerrero v Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016).

Additionally, a small amount must be reduced for attorney time billed for review of status reports prepared by other attorneys. The undersigned notes that it is common practice for Conway, Homer, P.C. to have several attorneys assist over the course of a case. In some instances, such as when preparing substantive documents like the petition, briefs, and settlement demands, it is reasonable to have another set of eyes review that document. However, it is not reasonable to have an attorney bill for time to review routine filings, such as status reports and motions for enlargement of time, when those filings were prepared (and billed for) by another attorney. This is not the first time the undersigned or other special masters have noted this particular issue concerning Conway, Homer P.C. billing practices. See, e.g., Manetta v. Sec'y of Health & Human Servs., No. 18-172V, 2020 WL 7392813, at *2 (Fed. Cl. Spec. Mstr. Nov 19, 2020); Lyons v. Sec'y of Health & Human Servs., No. 18-414V, 2020 WL 6578229 (Fed. Cl. Spec. Mstr. Oct. 2, 2020).

To offset these issues, the undersigned finds a reduction of $2,000.00 to be appropriate in this case. However, the undersigned notes that in future cases in which these same issues arise, the reduction will increase to reflect both a reduction of inappropriately billed time billed and a deterrent aspect to offset the increased use of judicial resources necessary to address these repetitive issues.

4

Additionally, petitioner requests $2,662.50 in attorneys' fees for the work of her prior counsel, Hector Collazo Maldonado, who met with petitioner and her family and started performing work on the case before reaching out to Conway, Homer, P.C. and turning the case over to them. Fees App. at 74. This amount represents 17.75 hours of work and after review of the submitted billing statement, the undersigned finds this amount reasonable.

Accordingly, petitioner is awarded final attorneys' fees of $101,906.70, representing $99,244.20 for current counsel and $2,662.50 for former counsel.

C. <u>Costs Incurred</u>

Like attorneys' fees, a request for reimbursement of costs must be reasonable. <u>Perreira v. Sec'y of Health & Human Servs.</u>, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), <u>aff'd</u>, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $19,781.64 in attorneys' costs. This amount is comprised of acquiring medical records, postage, the Court's filing fee, and work performed by petitioner's testifying medical expert, Dr. Yuval Shafrir. Petitioner also requests compensation for two people who did not file reports, Doctors William Durbin and Stephen Nelson.

Dr. Shafrir billed a total of 40.5 hours at a rate of $350.00 per hour. Fees App. at 93. The rate and hours requested by Dr. Shafrir are consistent with what has previously been found to be reasonable by other special masters in cases where Dr. Shafrir provided expert reports. See <u>Austin v. Sec'y of Health & Human Servs.</u>, No. 05-579V, 2019 WL 4126538 at *5 (Fed. Cl. Spec. Mstr. July 31, 2019); <u>Walters v. Sec'y of Health & Human Servs.</u>, No. 15-1380V, 2019 WL 7560054 at *5 (Fed. Cl. Spec. Mstr. July 29, 2019); <u>Oliver v. Sec'y of Health & Human Servs.</u>, No. 10-394V, 2019 WL 2246727 at *4 (Fed. Cl. Spec. Mstr. Apr. 16, 2019); <u>Cunningham v. Sec'y of Health & Human Servs.</u>, No. 13-483V, 2017 WL 4323145, at *5 (Fed. Cl. Spec. Mstr. Sept. 1, 2017). Based on prior decisions in the Program, the content of Dr. Shafrir's expert report, and the work documented by Dr. Shafrir's invoice, I find that his hourly rate and hours billed are reasonable and result in an award of expert cost of $14,175.00.

Dr. Durbin billed a total of 4 hours at a rate of $500.00 per hour to review medical records and speak with petitioner's counsel. Fees App. at 92. Dr. Durbin is board certified in pediatrics and pediatric infectious diseases and is currently a profession of pediatrics and medicine at the University of Massachusetts Medical School, where he also serves as the vice chair of pediatrics/education. Fees App. at 105. Dr. Durbin was approached by petitioner to file a responsive report to those

filed by respondent's experts but after review of petitioner's medical records he ultimately determined he would not be able to provide a responsive report. Upon review, the undersigned finds the total amount requested for Dr. Durbin's work ($2,000.00) to be reasonable and shall fully award that amount.

Finally, petitioner requests $2,500.00 for work performed by Dr. Nelson, representing 5 hours of work billed at $500.00 per hour to review medical records and medical literature and meet with petitioner's counsel. Fees App. at 87. Dr. Nelson is board certified in pediatrics and neurology and currently serves as the director of pediatric neurology and pediatric neurodiagnostics at Tulane Medical Center. Like Dr. Durbin, Dr. Nelson was retained to write an expert report but ultimately determined he was unable to do so after review of the records. The undersigned finds the amount incurred for his work reasonable and shall award it herein.[2] The remainder of the costs are typical of Vaccine Program litigation and have been supported with the necessary documentation and shall be awarded.

Additionally, pursuant to General Order No. 9, petitioner has indicated that she has personally incurred costs in the amount of $1,044.30 for postage, medical records, and a medical opinion letter from Dr. Carlos Mellado. Fees App. at 95-101. It appears that petitioner's former counsel reached out to Dr. Mellado to obtain an expert opinion letter before ultimately turning the case over to current counsel, and that this expense was personally incurred by petitioner. Although Dr. Mellado's invoice is lacking in detail – it does not indicate an hourly rate or an indication of what specific work he performed – based upon the amount billed for a case review by Dr. Nelson and Dr. Dubin, $1,000.00 for Dr. Mellado's review of the case and records is likely reasonable. Petitioner is therefore awarded the full amount of costs requested.

E. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards the following:

1) a total of **$119,025.84** (representing $99,244.20 in attorneys' fees for petitioner's current counsel and $19,781.64 in attorneys' costs) as a lump

---

[2] The undersigned makes no finding as to whether $500.00 per hour is a reasonable hourly rate for Dr. Durbin or Dr. Nelson's work in all situations. Although both doctors possess strong credentials, they ultimately submitted no work product in the record which would allow the undersigned to assess the quality of their work. However, the total amount billed for their work in each instance is reasonable for the work performed.

6

sum in the form of a check jointly payable to petitioner and petitioner's current counsel, Mr. Ronald Homer; and

2) a total of **$2,662.50**, representing reimbursement for attorneys' fees for petitioner's former counsel, as a lump sum in the form of a check jointly payable to petitioner and Mr. Hector Collazo Maldonado; and

3) a total of **$1,044.30**, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

    **IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.